Jennifer DESEMO, Appellant,

v.

Gordon Mayfield GAFFORD, M.D., Appellee.

No. 11–85–059–CV.

Court of Appeals of Texas, Eastland.

June 6, 1985.

Rehearing Denied June 27, 1985.

R. Louis Bratton, Gibbins, Burrow & Bratton, Austin, for appellant.

Paul Boudloche, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellee.

DICKENSON, Justice.

Jennifer Desemo sued Gordon Mayfield Gafford, M.D., alleging that he was negligent in his medical care and treatment of her and that his negligent acts and omissions were the proximate causes of her injuries. Dr. Gafford moved for summary judgment on the basis that her suit was barred by the statute of limitations. The trial court sustained Dr. Gafford's motion for summary judgment that Ms. Desemo take nothing. She appeals. We affirm.

The pleadings and the summary judgment proof show: (a) Jennifer Desemo presented herself to Dr. Gafford on October 13, 1981, with a history of seizure activity, and based upon his observation of a seizure episode Dr. Gafford prescribed Dilantin; (b) Ms. Desemo was last treated by Dr. Gafford on October 20, 1981; (c) as a result of a reaction to the Dilantin medication, Ms. Desemo has lost the vision in both eyes; (d) subsequent doctors have diagnosed Ms. Desemo as having "hysterical neurosis" and finding that her "judgment is impaired in line with the conversion syndrome, but not otherwise"; (e) in August of 1983 a rehabilitation counselor saw Ms. Desemo "at the request of her attorney" and came to the conclusion that "Ms. Desemo has functioned in an unstable fashion with diminished mental capacity"; (f) on October 7, 1983, Ms. Desemo's attorney gave written notice of her claim to Dr. Gafford; and (g) the lawsuit was filed on April 16, 1984.

Appellant argues in her single point of error that the trial court erred in granting Dr. Gafford's motion for summary judgment. This point is overruled, for we agree with the trial court that the pleadings and summary judgment proof show that Ms. Desemo's lawsuit is barred by the applicable statute of limitations.

■ Section 10.01 of TEX.REV.CIV. STAT.ANN. art. 4590i (Vernon Supp.1985) applies to claims for treatment after August 29, 1977, and it reads in full as shown below:

*Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. *Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.* (Emphasis added)

The exception to Section 10.01, supra, is found in Section 4.01(c) of the same statute:

Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

Consequently, Ms. Desemo's lawsuit should have been filed within two years and 75 days following October 20, 1981 (the last time she was seen by Dr. Gafford), which would have been on or before January 3, 1984. The suit was not filed until April 16, 1984 (some 104 days late).

■ Ms. Desemo cites *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983); *Nelson v. Krusen,* 678 S.W.2d 918 (Tex.1984); and *Neagle v. Nelson,* 685 S.W.2d 11 (Tex.1985). None of those cases would support a holding that the statute of limitations in Article 4590i violates the "open courts" provision of TEX.CONST. art. I, sec. 13 on the facts of this case. Clearly, Ms. Desemo saw her lawyer within the two year period, for he sent the notice letter to Dr. Gafford before limitations had run, thereby gaining an additional 75 days to investigate and file her claim. The courts were open to her, and the provisions of Article 4590i are constitutional as applied to her claim.

*Sax v. Votteler* notes, 648 S.W.2d at 664, that we begin with a "presumption of validity" as to statutes and then holds that TEX.INS.CODE ANN. art. 5.82, sec. 4 (the statute which preceded Article 4590i and which was adopted by Acts 1975, 64th Leg., p. 864, ch. 330, and repealed by Acts 1977, 65th Leg., p. 2064, ch. 817) was "unconstitutional as it applies to a minor's cause of action." The court then holds that the statute is unreasonable "as to that part of the cause of action for medical malpractice unique to the minor."

*Nelson v. Krusen* dealt with a claim which would have been barred by the statute of limitations before the claimants knew it existed, even though they could not reasonably have discovered their injury within two years. The majority opinion held, 678 S.W.2d at 922:

(A)rticle 5.82 *as applied here* violates the open courts provision by cutting off a cause of action before the party knows, or reasonably should know, that he is injured.... (Emphasis added)
We hold that Article 5.82, section 4 of the Insurance Code is unconstitutional, under the open courts provision, *to the extent* it purports to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit. (Emphasis added)
Neither *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983), nor *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977), is to the contrary.... The statutes of limitation were not unconstitutional as applied to the parties in *Sax* and *Robinson*....
We hold that Article 5.82, section 4 of the Insurance Code *as applied in this case* violates the open courts provision of Article I, section 13 of the Texas Constitution. (Emphasis added)

*Neagle v. Nelson* dealt with a claim which "was impossible for him to discover" until more than two years after the surgery. The court agreed with the claimant's contention, 685 S.W.2d at 12, that "Art.

4590i, sec. 10.01, *as applied to his cause of action,* also violates the open courts provision." (Emphasis added)

We hold that as applied to the facts before us Article 4590i, sec. 10.01 does not violate the open courts provision found in TEX.CONST. art. I, sec. 13. Ms. Desemo was aware of her claim, as evidenced by the demand letter sent by her attorney to the doctor, within the statutory two year period, and she had a reasonable time to investigate and file her claim, that being the additional 75 days allowed by Section 4.01(c), quoted supra.

Ms. Desemo argues that she should have the benefit of the tolling provisions for a "person of unsound mind" which are found in TEX.REV.CIV.STAT.ANN. art. 5535 (Vernon Supp.1985) because of the medical history of "hysterical neurosis;" "judgment is impaired in line with the conversion syndrome but not otherwise;" and "diminished mental capacity." We cannot agree. Not only does Article 4590i set forth its statute of limitations "notwithstanding any other law," it also provides that "except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability." The recent case of *Hill v. Milani,* 686 S.W.2d 610 (Tex.1985), emphasizes the fact that: "The language of the statute is clear and exclusive." Consequently, since we find no constitutional infirmity in the application of the statute on the facts before us, it must be applied as written.

The judgment of the trial court is affirmed.