Mrs. Charles A. **DAVENPORT**, Jr., et al., Appellants,

v.

**PHILLIP MORRIS, INCORPORATED,** et al., Appellees.

No. C14–87–918–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 27, 1988.

Rehearing Denied Nov. 23, 1988.

Grant Kaiser, Houston, for appellants.

Lawrence L. Germer, Beaumont, Daniel O. Goforth, Houston, Gail C. Jenkins, Hubert Oxford, III, Beaumont, G.R. Poehner, Lea F. Courington, David P. Stone, Dallas, Marie R. Yeates, Houston, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

OPINION

JUNELL, Justice.

Appellants appeal from the granting of appellees' motion for summary judgment.

In one point of error appellants claim the trial court erred in granting appellees' motion because their original petition was filed within the time period specified by the applicable statute of limitations. We affirm.

On June 9, 1986 appellants, the surviving wife and children of Charles A. Davenport, filed suit against appellees, six cigarette manufacturers, four cigarette distributors, a scientific organization, and a tobacco industry group, alleging that Mr. Davenport died of emphysema and cardiovascular problems caused by his smoking cigarettes manufactured and/or marketed by each of the appellees. Appellants asserted claims under both the Texas Survival Statute and Wrongful Death Statute.

All parties have stipulated that in 1977, nine years before his death, Mr. Davenport was advised and believed that his emphysema and cardiovascular problems were the result of his cigarette smoking. Mr. Davenport died of those diseases in 1986.

Appellants abandoned their survival cause of action in the trial court. Appellee Brown and Williamson Tobacco Corporation moved for summary judgment against appellants urging that any remaining wrongful death claims were barred because the decedent's claim for his own injuries would have been barred by limitations at the time of his death. All appellees joined in Brown and Williamson's motion and amended their pleadings asserting the affirmative defense of a limitations bar. On September 17, 1987, the trial court granted appellees' motion for summary judgment, holding that the running of the statute of limitations on Mr. Davenport's cause of action prevented appellants from asserting a wrongful death cause of action.

In one point of error appellants claim the trial court improperly granted the motion for summary judgment because their wrongful death cause of action was timely filed. Appellants assert that the statute of limitations for wrongful death claims is prescribed by section 16.003 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986), which states in part:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Appellants assert that since their cause of action was brought within two years of Mr. Davenport's death, it is not barred by limitations.

The applicable limitations period for Mr. Davenport's cause of action was two years. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). Therefore, Mr. Davenport's cause of action against the tobacco companies for his injuries was barred by limitations at the time of his death.

■ A cause of action under the Texas Wrongful Death Act is, by its nature, a derivative action. *Leal v. C.C. Pitts Sand and Gravel*, 419 S.W.2d 820, 821 (Tex. 1967). Section 71.003 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986) provides that the code provisions which create the wrongful death cause of action apply "only if the individual injured would have been entitled to bring an action for the injury if he had lived." A wrongful death action cannot be maintained successfully when the decedent has no cause of action if he survived the injuries. *Schwing v. Bluebonnet Express, Inc.*, 489 S.W.2d 279, 281 (Tex.1973). Therefore, the controlling issue is whether the alleged tortfeasors, appellees in this case, would have been liable to the decedent had he lived and brought the instant suit.

Because of the derivative nature of a wrongful death cause of action, several defenses to a decedent's cause of action for his own injuries have been held to be available to a defendant in a subsequent action for wrongful death. *See Bounds v. Caudle*, 560 S.W.2d 925, 926 (Tex.1978) (interspousal tort immunity); *Thompson v. Fort Worth and R.G. Ry. Co.*, 97 Tex. 590, 80 S.W. 990, 991 (1904) (release); *Wentzel v. Neurenberg*, 314 S.W.2d 855, 861 (Tex.Civ. App.—Waco 1958, no writ) (contributory negligence); *Karling v. Lower Colorado*

*River Authority*, 303 S.W.2d 495, 499 (Tex. Civ.App.—Austin 1957, writ ref'd n.r.e.) (governmental immunity). Additionally, two federal district courts, applying Texas law, have held that when a decedent would be barred by limitations from asserting a cause of action at the time of his death, the beneficiaries under the wrongful death statute likewise are precluded from asserting a wrongful death cause of action. *Terry v. Tyler Pipe Industries*, 645 F.Supp. 1194, 1197 (E.D.Tex.1986); *Delesma v. City of Dallas*, 588 F.Supp. 35, 37 (N.D. Tex.1984), *aff'd on other grounds*, 770 F.2d 1334 (5th Cir.1985).

The Court in *Thompson v. Fort Worth & R.G. Ry. Co.*, 80 S.W. at 990, held that a release of the decedent's claims is a defense to the wrongful death claim filed by the decedent's family. In *Thompson*, Mr. Thompson was seriously injured while a passenger on a train. He settled his claim with the railroad company and signed a release of all further claims arising out of the accident. After Mr. Thompson died from those injuries, his widow and children brought suit under the wrongful death statute for the pecuniary damages they suffered as a result of his death. The supreme court held that the decedent's release constituted a bar to his family's cause of action for his death. The Court reasoned:

> [T]here is but one cause of action under the law, for which there can be but one compensation; hence, if the injured party sues and recovers compensation for his injuries, or compromises his claim with the wrongdoer, and for a valuable consideration executes a release therefor, the cause of action is thereby satisfied, and no right of action remains to the persons named in the statute.

*Id.* at 991–92.

The running of the statute of limitations on Mr. Davenport's cause of action extinguished it as effectively as a release. There is only one cause of action in a wrongful death case. In this case, the potential cause of action was one for the injuries incurred by the deceased which were caused by his cigarette smoking.

That cause of action was extinguished when the statute of limitations ran on Mr. Davenport's claim for his injuries. Appellants cannot now revive that action by bringing a derivative wrongful death claim. Therefore, appellants are precluded from bringing an action for wrongful death. Appellants' sole point of error is overruled.

The judgment of the trial court is affirmed.