Maxine J. **SHIDAKER**, et al.,
Appellants,

v.

Merrill **WINSETT**, M.D., Appellee.

No. 07–90–0095–CV.

Court of Appeals of Texas,
Amarillo.

March 15, 1991.

Rehearing Overruled April 8, 1991.

John Judge, Amarillo, for appellants.

Gibson Ochsner & Adkins, Thomas C. Riney and Kenneth S. Muncy, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Maxine J. Shidaker, individually and as executor of the estate of George Shidaker, deceased, Rodney D. Shidaker, and Don G. Shidaker perfected this appeal from a take-nothing summary judgment. The judgment was rendered on the ground that limitations barred their action to hold Merrill Winsett, M.D., liable for the death of George Shidaker, deceased, alleged to be directly and proximately caused by Dr. Winsett's negligent diagnosis and medical treatment. We will affirm.

The summary judgment record reveals that the deceased had been medically treated by Dr. Winsett from March 7, 1980 through October 1, 1985. In August of 1986, it was discovered that the deceased had colon cancer. He died on May 13, 1987. The Shidakers filed their action against Dr. Winsett on October 14, 1988.

By their live trial pleadings, the Shidakers alleged that the failure of Dr. Winsett to diagnose and treat the deceased according to the minimum standards of health care was negligence which was a direct and proximate cause of the deceased's death. They sought monetary damages for the wrongful death of the deceased.

Doctor Winsett moved for summary judgment on the ground that the Shidakers' claims were barred by limitations specified in the Medical Liability and Insurance Improvement Act of Texas (the Medical Liability Act). As material to this cause, the Act provides that:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medi-cal or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1991).[1] It followed, Dr. Winsett proposed, that since the Shidakers' action filed on October 14, 1988 was filed more than two years after he last examined or treated the deceased on October 1, 1985, their claims are barred by limitations.

In response, the Shidakers answered that their cause of action was for wrongful death, which did not arise until the deceased died on May 13, 1987, and their action, filed less than two years later, was timely under the statute addressing limitations of personal actions. The statute provides that:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986).[2] Therefore, the Shidakers reasoned, that as a matter of law, their action was not barred by limitations.

The trial court applied the section 10.01 two-year statute of limitations and rendered a take-nothing summary judgment. On appeal, the parties urge the respective positions they assumed in the trial court— that is, Dr. Winsett proposes the Shidakers' action is a health care liability claim subject to the limitations bar of section 10.01; the Shidakers represent their claim is for wrongful death which was brought within the controlling limitations period of section 16.003(b).

Conformably, the Shidakers contend, in two points of error, that the trial court reversibly erred in applying section 10.01. This results because, they explain, (1) only section 16.003(b) is applicable to their cause of action, and (2) the application of section 10.01 is a direct violation of the open courts

---

1. Subsequent citations of section 10.01 refer to that section of article 4590i, Texas Revised Civil Statutes Annotated (Vernon Supp.1991), the Medical Liability and Insurance Improvement Act of Texas.

2. Future citations of section 16.003(b) are referenced to that section of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986).

provision of Article I, Section 13 of the Texas Constitution.

Indisputably, the Shidakers' claims, as alleged, are founded on an injury caused by Dr. Winsett's misdiagnosis and mistreatment of the deceased's colon cancer. Then, the claims of injury, even though the injury was alleged to be a direct and proximate cause of the deceased's death, are typical health care liability claims governed by the Medical Liability Act, for which an absolute two-year period of limitations is fixed.[3] *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987). Indeed, the Shidakers concede that a health care liability claim would have been barred by section 10.01 on October 1, 1987, which was more than a year before they filed their action.

Nevertheless, they maintain that "on October 1, 1987, [they] did not have a cause of action against [Dr. Winsett] for wrongful death under Section 10.01. On October 1, 1985, the date of last treatment, nor October 1, 1987 [sic], could [they] have brought a suit for wrongful death. The cause of action did not accrue or occur until the date of death [May 13, 1987]." Thus, they urge, the limitations period is governed by section 16.003(b), not section 10.01.

■ However, given the health care liability claim as the basis of their action, section 10.01 applies "[n]otwithstanding any other law." Section 16.003(b) is not part of the statutory scheme for medical malpractice claims, but is a part of the "other law" expressly made inapplicable by operation of the Medical Liability Act. *Hill v. Milani*, 686 S.W.2d 610, 611–13 (Tex.1985).

Moreover, to follow the Shidakers' rationale to its logical conclusion would nullify the period of limitations for a health care liability claim of misdiagnosis or mistreatment by extending it indefinitely until the patient died and for two years thereafter. This result would be the antithesis of the legislative purpose in enacting the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis, a part of which was the adoption of the absolute two-year limitations period. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985).

■ We hold, therefore, that when an action is founded on a health care liability claim of misdiagnosis or mistreatment, the operative limitations period for redress is the one specified by the Medical Liability Act, irrespective of the alleged extent of the health care injury. The Shidakers' first point of error is overruled.

■ Nonetheless, the Shidakers contend that the application of section 10.01 violates the open courts provision of the Texas Constitution. That provision, one of the due process guarantees, mandates that:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. Art. I, § 13. The violation obtains, the Shidakers argue, because the application of section 10.01 placed an impossible burden on them by cutting off the wrongful death action before it accrued. We are not in accord.

Section 10.01 was designed to limit the length of time an insured health care provider would be exposed to potential liability. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). Yet, the open courts provision operates to render section 10.01 unconstitutional insofar as it purports to cut off a cause of action before the action is known to exist or before suit can be brought, but the provision has no effect on the limitations period when the plaintiff discovers the injury while there is still a reasonable time to sue. *Morrison v. Chan*, 699 S.W.2d at 207.

In this cause, the application of section 10.01 has not denied the Shidakers access

---

**3.** Although the two-year limitations period is said to be absolute, the Medical Liability Act tempers the absoluteness by providing, in section 10.01, that minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim, and by providing, in section 4.01, that the giving of notice of a claim at least 60 days before filing suit shall toll limitations to and including a period of 75 days following the giving of the notice.

to the court to assert a cause of action for the health care claim of injury they alleged; the statute merely limited the time in which they could enter the court on their known claim. They knew of the October 1, 1985 injury charged to Dr. Winsett less than eleven months later in August of 1986, and more than thirteen months before the limitations period expired on October 1, 1987. In fact, the deceased's death on May 13, 1987 occurred more than four months before the medical malpractice limitations period expired.

Since the Shidakers had more than one year to file their health care liability claim after they knew Dr. Winsett could have been guilty of medical malpractice, the section 10.01 limitations period was not unconstitutionally applied as to them. *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984); *Sax v. Votteler*, 648 S.W.2d at 667; *Rhodes v. McCarron*, 763 S.W.2d 518, 523 (Tex. App.—Amarillo 1988, writ denied). *See also, Robinson v. Weaver*, 550 S.W.2d 18, 22 (Tex.1977). Consequently, the application of section 10.01 under the facts of this cause was not violative of the open courts provision of the Texas Constitution. The Shidakers' second point of error is overruled.

The judgment is affirmed.