Louis WILSON, Appellant,

v.

Charles W. RUDD, D.O., Patricio G. Salvador, M.D., Cheor J. Kim, M.D., Chi S. Choi, M.D. and Doctors Hospital 1984, Ltd., Appellees.

Nos. A14–90–00433–CV, A14–90–00964–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 1, 1991.

Rehearing Overruled Sept. 5, 1991.

Charles Martin, Houston, for appellant.

John C. Landa, Jr., Suzan Cardwell, Wayne Clawater, Joseph B. Simmons, John Roberson, Mary Hunnell Smith, Houston, for appellees.

J. CURTISS BROWN, and MURPHY and CANNON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is a consolidated appeal from the take-nothing summary judgments rendered against appellant in a medical malpractice case. Appellant brought a survival action on behalf of the estate of his wife, Lois Wilson, and a wrongful death suit in his individual capacity against appellees. A summary judgment was first rendered in favor of Dr. Kim and Dr. Choi. Following the severance of appellant's suit against these defendants, appellant appealed. Thereafter, the trial court rendered summary judgments in favor of the remaining defendants. In three points of error, appellant asserts that the trial court erred in rendering the summary judgments on the basis of the limitations period found in TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1991). We affirm in part, and reverse and remand in part.

The record reveals that on January 27, 1986, Lois Wilson was seen by Dr. Rudd at his office. Following treatment, Mrs. Wilson was sent home. Approximately ten hours later, in the early morning hours of January 28, 1986, Mrs. Wilson was taken to Doctors Hospital where she was seen by the emergency room physician on duty, Dr. Patricio Salvador. Various tests and treatments were administered, however, the nature of Mrs. Wilson's condition could not be immediately determined. Dr. Kim, Dr. Choi, and Dr. Rudd were called in to assist. Thereafter, approximately twelve hours after her arrival at Doctors Hospital, Mrs. Wilson was diagnosed as having bacterial meningitis. Eventually, Mrs. Wilson lapsed into a coma from which she never awoke. She died on August 16, 1986.

Appellant brought suit against appellees, other than Doctors Hospital 1984, Ltd., on June 10, 1988. Appellant alleged that the physician appellees' failure to timely and properly diagnose Mrs. Wilson's condition was negligence which was the proximate cause of her death. Appellant further alleged that Doctors Hospital, Ltd. was vicariously liable for the acts of negligence of its emergency room physician, Dr. Salvador. However, Doctors Hospital, Ltd. had

sold all of its ownership interest in the hospital facilities to Doctors Hospital 1984, Ltd. in 1984. The trial court granted a summary judgment in favor of Doctors Hospital, Ltd. on the ground that it was not the owner of Doctors Hospital at the time of the alleged incident. Appellant then amended his original petition on June 30, 1989, to include Doctors Hospital 1984, Ltd. as a defendant. Thereafter, the trial court rendered summary judgments in favor of all the appellees on the ground that appellant's suit was barred by the two-year limitations period specified by the Texas Medical Liability and Insurance Improvement Act.

 Before addressing appellant's points of error, we note that appellee Doctors Hospital 1984, Ltd. is in a different position on appeal than the other appellees in this case. None of the issues raised by appellant in his three points of error were addressed in appellant's response to Doctors Hospital 1984, Ltd.'s motion for summary judgment. Consequently, appellant's points of error are waived as to appellee Doctors Hospital 1984, Ltd. *E.g., City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). Furthermore, in a post-submission brief, appellant asserts the position he took in his response to Doctors Hospital 1984, Ltd.'s motion for summary judgment, i.e., that Doctors Hospital 1984, Ltd. failed to file the proper documents with the Secretary of State showing ownership of the limited partnership. However, since that issue was not raised in this court before submission of the appeal, it is deemed waived. *Mabe v. City of Galveston,* 687 S.W.2d 769, 771 (Tex.App.—Houston [1st Dist.] 1985, writ dism'd). For these reasons, the summary judgment rendered in favor of appellee, Doctors Hospital 1984, Ltd., must be affirmed.

In his first point of error, appellant asserts that the trial court erred in applying the two-year limitations period of article 4590i, § 10.01. Specifically, appellant argues that since his wrongful death cause of action did not accrue until the date of his wife's death, his suit was timely filed with-

in the limitations period set out in TEX.CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). Regarding the survival action, appellant argues that TEX.CIV.PRAC. & REM. CODE ANN. § 16.062(a) (Vernon 1986) tolled for an additional twelve months the two-year limitations period set out in article 4590i § 10.01.

Appellees argue that the limitations period set out in article 4590i, § 10.01 is absolute and exclusive. Section 10.01 provides, in pertinent part, that:

> *"Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed...."

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1991) (emphasis added). Appellees argue that sections 16.003(b) and 16.062(b) are part of the "other law" expressly made inapplicable by operation of the statute.

 Regarding appellant's survival action on behalf of his wife's estate, section 16.062(a) provides that:

> The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.062(a) (Vernon 1986). The Medical Liability and Insurance Improvement Act contains its own limited tolling provisions which suspend the statute during minority, section 10.01, and upon the giving of notice, section 4.01(c). As a general tolling statute, section 16.062(a) is not a part of the statutory scheme for medical malpractice claims envisioned by the legislature. Therefore, section 16.062(a) is a part of the "other law" expressly made inapplicable by operation of the statute. *Sanchez v. Memorial Medical Center Hospital,* 769 S.W.2d 656, 659–60 (Tex.App.—Corpus Christi 1989, no writ); *Rascoe v. Anabtawi,* 730 S.W.2d 460, 461 (Tex.App.—Beaumont 1987, no writ); *see*

*also Hill v. Milani,* 686 S.W.2d 610, 611–13 (Tex.1985).

The alleged act or omission of misdiagnosis and delay in treatment was completed on January 28, 1986. Under article 4590i. § 10.01, appellant had until January 28, 1988 to file suit against appellees. Since appellant did not file the survival action on behalf of his wife's estate until June 10, 1988, we hold that the trial court properly decided that such action was barred by time. Accordingly, we overrule appellant's first point of error as it relates to the survival action.

Regarding appellant's wrongful death action, we reach a different result. Section 16.003(b) provides that:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). The Texas Wrongful Death Statute represents a statutory cause of action conferred upon the surviving spouse, children, and parents of the decedent to compensate them for their loss of future care, maintenance, and support. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 71.004 (Vernon 1986). This cause of action is separate and distinct from the common law action for damages sustained by the decedent which survives to the heirs or legal representatives under the provisions of TEX.CIV. PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986). *See, e.g., Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33, 35 (Tex.1963).

Section 16.003(b) provides the limitations period for wrongful death actions. The plain language of section 16.003(b) reflects a clear legislative intent to adopt an absolute two-year limitations period for wrongful death actions. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 354 (Tex.1990). Section 16.003(b) "unambiguously specifies one event—death—and only that one event as the date upon which the action accrues." *Id.* To hold that section 16.003(b) is a part of the "other law" expressly made inappli-

cable by article 4590i, § 10.01, would be to shorten or effectively eliminate the *absolute* two-year limitations period provided for by the legislature. Because we conclude that this was not the legislature's intent in adopting the "notwithstanding any other law" language of article 4590i, § 10.01, we decline to follow this reasoning.

We recognize that two of our sister courts have held that section 16.003(b) is a part of the "other law" expressly made inapplicable by the operation of article 4590i, § 10.01. *See Shidaker v. Winsett,* 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied); *Sanchez v. Memorial Medical Center Hospital,* 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ). However, both decisions are premised on an extension of our Supreme Court's holding in *Hill v. Milani,* 686 S.W.2d 610 (Tex.1985).

In *Hill,* the Court was confronted with the issue of whether the tolling provision of TEX.REV.CIV.STAT.ANN. art. 5537 (Vernon 1958) affects the two-year limitation provision of article 4590i, § 10.01. *Id.* at 611. Article 5537, the predecessor statute to TEX.CIV.PRAC. & REM.CODE ANN. § 16.063 (Vernon 1986), operates to toll a limitations period while a defendant is out of state. Concluding that article 4590i, § 10.01 contains its own limited tolling provisions, the Court held that article 5537 was not part of the statutory scheme envisioned by the legislature, and therefore, part of the "other law" expressly made inapplicable by operation of statute. *Id.* Other general tolling provisions have been consistently held to be inapplicable by the operation of article 4590i, § 10.01. *E.g., Rascoe v. Anabtawi,* 730 S.W.2d at 461 (12 month tolling provision after death in survival action); *Desemo v. Gafford,* 692 S.W.2d 571, 574 (Tex. App.—Eastland 1985, writ ref'd n.r.e.) (tolling provision when person is of unsound mind). Section 16.003(b) is not a general tolling provision; rather, it is an absolute two-year statute of limitations provided for in a wrongful death cause of action. Because we conclude that the holding in *Hill v. Milani* does not apply to section 16.-

003(b), we respectfully disagree with our sister Courts of Appeals.

■ Appellees further assert that because of the derivative nature of the wrongful death cause of action, it cannot be revived by the wrongful death beneficiaries once the limitations period has run on the underlying cause of action. In support of this contention, appellees rely on this court's decision in *Davenport v. Phillip Morris, Inc.*, 761 S.W.2d 70 (Tex.App.—Houston [14th Dist.] 1988, no writ). In *Davenport*, this court held that because Mr. Davenport's cause of action was extinguished when the statute of limitations ran on his claim for injuries, the wrongful death beneficiaries could not revive that action by bringing a derivative wrongful death suit. *Id.* at 72. However, the statute of limitations ran on Mr. Davenport's claim for his injuries some seven years before his death. *Id.* at 71. Here, Mrs. Wilson's death occurred during the running of the limitations period on her claim for injuries. Therefore, at the time of her death, Mrs. Wilson would have been entitled to bring an action for her injuries against appellees. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 71.003 (Vernon 1986). As such, the rationale of *Davenport* is not applicable to the facts of the present case.

Mrs. Wilson's death occurred on August 16, 1986. Under section 16.003(b), appellant had until August 16, 1988 to file his wrongful death cause of action against appellees. Since appellant filed his wrongful death suit on June 10, 1988, it was timely filed. We therefore hold that appellees did not establish their entitlement, as a matter of law, to summary judgment on appellant's wrongful death cause of action. Accordingly, we sustain appellant's first point of error as it relates to his wrongful death claim.

■ Appellant's second point of error asserts that the trial court erred in granting the summary judgments because a genuine issue of material fact exists regarding whether appellees fraudulently concealed his wife's negligent treatment. When fraudulent concealment is shown, the statute of limitations is tolled until the right of action is discovered or should have been discovered. *Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.1974). When a defendant in a medical malpractice case moves for summary judgment based upon the running of limitations, the defendant bears the burden of showing that the suit is barred by limitations as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). If the defense of limitations is conclusively established, and the plaintiff resists the summary judgment by asserting the affirmative defense of fraudulent concealment, the plaintiff then has the burden to produce evidence that the appellees had actual knowledge that a wrong occurred and a fixed purpose to conceal it. *Leeds v. Cooley*, 702 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *see also Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex.1977).

■ Based upon our discussion relating to appellant's first point of error, we conclude that appellees conclusively established their limitations defense to appellant's survival action. Therefore, appellant bore the burden of producing evidence that appellees failed to properly and timely diagnose Mrs. Wilson's condition, and that appellees had actual knowledge of these alleged facts and concealed them from appellant. The only evidence offered by appellant in his response to the summary judgments was his own affidavit, a legal secretary's affidavit, and his wife's medical records. Appellant's affidavit essentially states that appellees never told him that their negligent acts caused the death of his wife. The secretary's affidavit merely states that she could not obtain the medical records until after Mrs. Wilson was discharged from Doctors Hospital. The affidavits do not assert that any of the appellees knew that their conduct caused injury to Mrs. Wilson or that they made a fixed attempt to conceal it. Furthermore, we have reviewed Mrs. Wilson's medical records and find that they do not present any evidence of probative force that the appellees knew that their delay in the diagnosis of Mrs. Wilson's condition had caused her injuries and resulting death. Conse-

quently, appellant failed to establish that a fact issue exists regarding the issue of fraudulent concealment. We overrule appellant's second point of error.

Appellant's third point of error asserts that the application of article 4590i, § 10.01 to the facts of this case is unconstitutional under the open courts provision of the Texas Constitution. We disagree. The open courts provision provides that:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. Art. I, § 13. The rationale underlying the open courts provision is that the legislature has no power to make a remedy by due course of law contingent on an impossible condition. *Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984). In *Nelson,* the predecessor statute to article 4590i, § 10.01, was held unconstitutional insofar as it cut off a cause of action before the plaintiff knew that a cause of action existed. *Id.* at 923. However, the open courts provision has no effect on the limitations period when the plaintiff discovers his injury while there is still a reasonable time to sue. *Morrison v. Chan,* 699 S.W.2d 205, 207 (Tex.1985); *Nelson,* 678 S.W.2d at 923.

Here, appellant argues that he could not have known that he had a cause of action against appellees until the day his wife died. However, Mrs. Wilson died on August 16, 1986, more than seventeen months before the medical malpractice limitations period expired on January 28, 1988. Consequently, the limitations period of article 4590i, § 10.01 was not unconstitutionally applied to appellant's survival action under the facts of this case. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court in favor of appellee, Doctors Hospital 1984, Ltd., is affirmed. As to the remaining appellees, the judgments of the trial court are affirmed as they pertain to appellant's survival cause of action. The judgments of the trial court pertaining to appellant's wrongful death cause of action are reversed and remanded for proceedings not inconsistent with this opinion.