Bobby Jack **BLACKMON** and Ann Blackmon, **individually, and as representatives of the Estate of Clay Blackmon, Appellants,**

v.

Peter **HOLLIMON, M.D. and David Cool, M.D., Appellees.**

No. 04–92–00326–CV.

Court of Appeals of Texas, San Antonio.

Dec. 23, 1992.

Rehearing Denied Feb. 4, 1993.

E.B. Barretto, Law Offices of Sinkin & Barretto, Peter Koelling, Peter M. Koelling, P.C., San Antonio, for appellants.

Paul M. Green, Laura Cavaretta, Lang, Ladon, Green, Coghlan & Fisher, P.C., Thomas W. Gendry, R. Matt Lair, Coatney, Sprague & Wachsmuth, P.C., San Antonio, for appellees.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a summary judgment order granted in favor of appellees, Drs. Peter Hollimon and David Cool, in wrongful death and survival actions. Appellants, Bobby Jack and Ann Blackmon, bringing suit individually and as representatives of the estate of Clay Blackmon, based their claims on appellees' alleged medical malpractice in the treatment of Clay. In two points of error, appellants argue that summary judgment was improper because (1) genuine issues of material fact exist in regard to the elements of the medical malpractice claim; and (2) their claims were not barred by the statute of limitations. Because we find that appellants' statutory causes of action are time-barred, we overrule the second point of error and affirm the judgment of the trial court.

A summary of the facts and relevant chronology is necessary for the disposition of this case. On December 26, 1982, appellant Clay Blackmon was admitted into Northeast Baptist Hospital for a gunshot wound to his abdomen. The treating physician was appellee Dr. Peter Hollimon. During emergency procedures, Hollimon removed Blackmon's spleen.

On January 5, 1983, Hollimon administered an anti-pneumonia vaccine to Blackmon and discharged him from the hospital. According to Dr. Hollimon's affidavit submitted as summary judgment evidence, Dr. Hollimon prescribed Blackmon a one year's supply of penicillin and instructed Blackmon to have the prescription refilled every year by the doctor of his choice. Hollimon further alleged in his affidavit that he told Blackmon to see a physician in five years to see if he should be revaccinated against pneumococcal bacteria. At the summary judgment hearing, appellants submitted Hollimon's notes on Blackmon's case as summary judgment evidence. The notes did not mention whether Hollimon advised Blackmon that he should be re-vaccinated.

On January 31, 1983, Blackmon was again admitted to the Northeast Baptist Hospital, where Hollimon performed a colostomy closure related to the gunshot wound. On February 9, 1983, Blackmon was discharged.

On January 7, 1985, Blackmon was admitted into Northeast Baptist Hospital for an appendicitis. Surgery by Hollimon revealed that Blackmon had an ulcer. Dr. David Cool, a gastroenterologist, was then consulted on Blackmon's case. On January 14, 1985, Blackmon was discharged from the hospital after surgical repair by Hollimon of the ulcer and the removal of his appendix.

On February 11, 1985, Blackmon was admitted to Northeast Baptist Hospital for

an esophagogastroduodenoscopy. The treating physicians were Cool and Hollimon. On February 28, 1985, Blackmon was discharged.

On November 25, 1989, Blackmon died at Brooke Army Medical Center of pneumococcal sepsis and pneumococcal meningitis.

On June 7, 1991, appellants filed suit against Drs. Hollimon and Cool, alleging that they violated the duty owed to Blackmon to exercise the ordinary care and diligence exercised by other physicians and surgeons in the same or similar circumstances by failing to advise Blackmon of the need for revaccination and in failing to revaccinate him after a period of five years.

■ In point of error two, appellants argue that the trial court erred in granting appellees' motion for summary judgment because appellants' cause of action is not barred by the statute of limitations. Before deciding this point, we must first determine the applicable statute of limitations. Appellants claim that the controlling statute of limitations is 16.003(b) of the civil practice and remedies code, which allows wrongful death actions to be filed within two years from the date of death. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(b). Appellees, on the other hand, argue that the applicable statute of limitations is article 4590i of the Medical Liability and Insurance Improvement Act. TEX.REV.CIV.STAT. ANN. art. 4590i (Vernon 1992) (The "Act").

Appellants' wrongful death and survival actions are health care liability claims governed by the Medical Liability and Insurance Improvement Act. TEX.REV.CIV.STAT. ANN. art. 4590i, (Vernon 1992) (The "Act"). The Act defines health care liability as a "cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of

action sounds in tort or contract." *Id.* at § 1.03(a)(4).

The statute of limitations is contained in Article 4590i § 10.01 of the Act, which provides in pertinent part that:

*Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed ... (emphasis added)

*Id.* at § 10.01.

Since appellants base their claim on health care liability under the Act, section 10.01 applies "notwithstanding any other law." *Shidaker v. Winsett,* 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied); *Sanchez v. Memorial Medical Center Hosp.,* 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ); *But see Wilson v. Rudd,* 814 S.W.2d 818, 822–23 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Section 16.003(b) is a part of the "other law" expressly made inapplicable by operation of the Act. *Shidaker,* 805 S.W.2d at 943; *citing Hill v. Milani,* 686 S.W.2d 610, 611–13 (Tex.1985).

Appellants rely on *Wilson v. Rudd,* 814 S.W.2d at 818, for support of their position that § 16.003 controls. In *Wilson,* the appeals court declined to follow the decisions of two other appeals courts, both of which held that Article 4590i § 10.01 is the controlling limitations period.[1] The *Wilson* court wrote:

Section 16.003(b) provides the limitations period for wrongful death actions. The plain language of section 16.003(b) reflects a clear legislative intent to adopt an absolute two-year limitations period for wrongful death actions. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 354 (Tex.1990). Section 16.003(b) "unambiguously specifies one event—death—and only that one event as the date upon which the action accrues." *Id.* To hold

---

1. Both cases are cited above. They are *Shidaker v. Winsett,* 805 S.W.2d 941 (Tex.App.—Amarillo 1991, writ denied) and *Sanchez v. Memorial Medical Center Hosp.,* 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ).

that section 16.003(b) is part of the "other law" expressly made inapplicable by article 4590i, § 10.01, would be to shorten or effectively eliminate the *absolute* two-year limitations period provided for by the legislature.

*Wilson v. Rudd,* 814 S.W.2d at 822.

In light of the Texas Supreme Court's recent decision in *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343 (1992), we do not accept the reasoning of the *Wilson* court. In *Russell,* the Court held that section 16.-003(b) does not create a cause of action, or resurrect one that has expired with the decedent; it only defines the period within which the statutory beneficiaries must sue if they have a claim. *Id.* at 348. As the Court explained:

> Section 16.003(b) sets the time when a wrongful death action accrues, if it exists. It does not, however, provide that there is always an action to accrue. The Wrongful Death Statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." TEX.CIV.PRAC. & REM.CODE § 71.003(a). If a wrongful death action exists, it accrues, not when the decedent was injured, but at his death, and the limitations period on that action begins to run at his death. But if a wrongful death action does not exist because the decedent could not maintain an action on his own right immediately prior to his death, for whatever reason, then no wrongful death action ever accrues.

*Russell,* at 348.

In light of the authority mentioned above, we hold that the applicable statute of limitations is section 4590i § 10.01. Therefore, since the date of last treatment by both appellees falls beyond the limitations period in the provided in that section, appellants claims were barred.

■ Nonetheless, appellants maintain that their causes of action survived the limitations period of article 4590i § 10.01 under the so-called "modified discovery rule." The Texas Supreme Court created the modified discovery rule in order to reconcile the Act with the Open Courts provi-

sion of the Texas Constitution. TEX. CONST. art. I, § 13; *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983). The rule states that § 10.01 of article 4590i violates the open courts provision of the Texas Constitution and the cause of action is not barred by limitations if a claimant does not have a reasonable opportunity to discover the wrong within the two-year limitation period. *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985).

The Texas Supreme Court has stated that in analyzing a litigant's right to redress under the open courts provision, the litigant must satisfy two criteria. *Rose v. Doctors Hospital,* 801 S.W.2d 841 (Tex. 1990); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348 (Tex.1990). First, the litigant must have a cognizable common law cause of action that is being restricted. *Id.* Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. *Id.*

In the present case, the first prong of the test cannot be satisfied because appellants seek to recover in wrongful death and survival actions, which are purely statutory. Thus, we find that appellants' statutory causes of action did not survive the limitations period under article 4590i § 10.01 of the Act. Accordingly, summary judgment on the limitations issue was proper. Appellants' second point of error is overruled.

■ The trial court's order granting summary judgment does not specify the grounds relied on for the ruling. When the court's order does not specify its grounds, the summary judgment will be affirmed if any of the theories advanced in the motion for summary judgment are meritorious. *Elliott v. State,* 818 S.W.2d 71, 74 (Tex. App.—San Antonio 1991, writ denied); *Sipes v. Petry and Stewart,* 812 S.W.2d 428, 430 (Tex.App.—San Antonio 1991, no writ). Since we have found that summary judgment was properly granted in favor of appellees on the limitations issue, it is unnecessary to address appellants' first point

of error. Accordingly, we affirm the judgment of the trial court.