Imogene WEATHERBY, Individually and as Administratrix of the Estate of Joe Oscar Weatherby, Deceased Appellant,

v.

SCENIC MOUNTAIN MEDICAL CENTER, James Cowan, M.D., and Douglas S. Park, M.D., Appellees.

No. 11–94–115–CV.

Court of Appeals of Texas, Eastland.

April 20, 1995.

Rehearing Overruled May 18, 1995.

J. Michael Cunningham, Bates & Cunningham, Midland, for appellant.

William E. Ward, Jr., Morgan, Ward & Leeton, Midland, Jim Hund, Mike Worley, McCleskey, Harriger, Brazill & Graf, Lubbock, Max E. Wright, Max E. Wright, P.C., Kristi Franklin Hyatt, Cotton, Bledsoe, Tighe & Dawson, Midland, Robert L. Craig, Jr., Donald M. Hunt, Gary M. Bellair, Carr, Fouts, Hunt, Craig, Terrill & Wolfe, L.L.P., Lubbock, for appellees.

## OPINION

McCLOUD, Chief Justice (Ret.).

This is a wrongful death medical malpractice case involving the statute of limitations. Imogene Weatherby sued the Scenic Mountain Medical Center, Dr. James Cowan, and Dr. Douglas S. Park for the wrongful death of her husband, Joe Oscar Weatherby. The trial court granted summary judgment in favor of all the defendants based upon the two-year statute of limitations contained in the Medical Liability and Insurance Improvement Act, TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.Supp. 1995). We affirm.

On September 6, 1989, Dr. Park, an internist and nephrologist, admitted Joe Oscar Weatherby to Scenic Mountain Medical Center because Weatherby had a urinary tract infection. Dr. Park had treated Weatherby for several years for various medical problems. On September 11, 1989, Dr. Cowan performed kidney stone surgery on Weatherby. As part of the surgical procedure, Dr. Cowan inserted a ureteral stent to allow fluids to drain. Weatherby was discharged from Scenic Mountain Medical Center on September 16, 1989. Dr. Park continued to see Weatherby following his discharge from Scenic Mountain Medical Center. Plaintiff alleged that in December of 1991 it was discovered that the stent had not been removed from Weatherby's body. Dr. John Staub attempted to remove the stent on January 27, 1992. Weatherby died the next day, January 28, 1992.

Plaintiff filed her wrongful death suit on May 26, 1993, pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 71.004 (Vernon 1986).[1] Plaintiff alleged that the defendants failed to inform either Weatherby or plaintiff

---

1. Plaintiff brought suit individually and as administratrix of the estate of her deceased husband, Joe Oscar Weatherby, on behalf of the daughter of plaintiff and Joe Oscar Weatherby. Plaintiff did not seek damages as the legal repre-

that the stent had been placed in Weatherby's body and that it needed to be removed.

■ The defendants, in moving for summary judgment upon the affirmative defense of the statute of limitations, had the burden of establishing that as a matter of law there were no questions of fact regarding the essential elements of the defense. *Rowntree v. Hunsucker*, 833 S.W.2d 103 (Tex.1992).

■ Section 10.01 of Article 4590i provides:

> *Notwithstanding any other law, no health care liability claim* may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability. (Emphasis added)

This statute adopted an absolute two-year limitations period and abolished the discovery rule in cases governed by the Medical Liability and Insurance Improvement Act. *Morrison v. Chan*, 699 S.W.2d 205 (Tex. 1985). The period of limitations runs from any one of three events: (1) the date the breach or tort occurred; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. *Kimball v. Brothers*, 741 S.W.2d 370 (Tex.1987).

Plaintiff filed her suit within two years of the date that her husband died. She argues that the proper statute of limitations is TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986) which permits a person to bring a wrongful death suit within two years of the death of the injured person.

The court in *Blackmon v. Hollimon*, 847 S.W.2d 614 (Tex.App.—San Antonio 1992, writ den'd), a case very similar to this case, held that, because the claim was based on "health care liability," the applicable statute of limitations was Section 10.01 of Article 4590i. The court pointed out that Section 16.003(b) is part of the "other law" expressly made inapplicable by Section 10.01. The reasoning in *Blackmon* has been followed by other courts of appeals: *Todd v. Planned Parenthood*, 853 S.W.2d 124, 127 (Tex.App.—Dallas 1993, writ den'd); *Shidaker v. Winsett*, 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ den'd); and *Sanchez v. Memorial Medical Center Hospital*, 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ).

We disagree with *Wilson v. Rudd*, 814 S.W.2d 818, 822–23 (Tex.App.—Houston [14th Dist.] 1991, writ den'd), cited by plaintiff. The *Wilson* Court held that Section 16.003(b) controls and that the wrongful death cause of action accrues upon the death of the injured person. We find no case adopting this holding in *Wilson.*

The Supreme Court, in *Russell v. Ingersoll–Rand Company*, 841 S.W.2d 343 (Tex. 1992), held that Section 16.003(b) sets the time when a wrongful death action accrues, "if it exists." Plaintiff maintains that, by invoking the "modified discovery" rule and the "open courts" doctrine, Joe Oscar Weatherby had a cause of action under *Russell* against the defendants immediately before his death. Therefore, under *Russell*, she is attempting to exercise the same rights that her deceased husband would have had if he had survived the alleged medical negligence. The court in *Russell* stated:

> If a decedent may maintain suit for personal injuries at his death, his statutory beneficiaries may sue for wrongful death, their cause of action accrues at the decedent's death, and the limitations period begins to run against them from that point. Under section 16.003(b), the time for suit never begins to run against statutory beneficiaries prior to decedent's death.

sentative under the Survival Statute, TEX.CIV. PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986).

The problem with plaintiff's position is that *Russell* did not involve a "health care liability claim."

Plaintiff further argues that, because the defendants failed to establish when the stent should have been removed, there is no summary judgment evidence as to when the tort or breach of duty occurred. We disagree.

■ The record establishes that Joe Oscar Weatherby was discharged from Scenic Mountain Medical Center on September 16, 1989. Suit was filed on May 26, 1993, which was more than two years after the date Weatherby's hospitalization was completed. Dr. Cowan performed the surgery and inserted the stent. He did not treat Joe Oscar Weatherby after September 12, 1989. Dr. Park alleged in his motion for summary judgment that July 19, 1990, was the last time that he saw Weatherby for matters relating to the stent. Plaintiff alleged in her response to Dr. Park's motion that Dr. Park's treatment in "July of 1990 was not for 'treatment' of the stent." Plaintiff maintained that limitations commenced to run against all of the defendants "shortly after September of 1989." Plaintiff alleged in her petition that Dr. Cowan's operative report and Weatherby's discharge documents both indicated that the "stent was to be removed in two (2) weeks from the date of the [initial] surgery; or, on or about September 25, 1989."

Plaintiff's claims against Dr. Cowan and Dr. Park are that they failed to warn or advise Joe Oscar Weatherby that the stent needed to be removed and that they failed to make arrangements for follow-up care. We think it is clear that limitations began to run on the last date that the doctors treated Weatherby for the condition that is the subject of the claim. *Chambers v. Conaway*, 883 S.W.2d 156 (Tex.1993); *Rowntree v. Hunsucker*, supra; *Blackmon v. Hollimon*, supra. We hold that the applicable statute of limitations is Section 10.01 of Article 4590i and that plaintiff's wrongful death claim is barred.

■ Plaintiff also maintains that the application of Section 10.01 of Article 4590i violates the "open courts" provision of the Texas Constitution. See TEX. CONST. art. I, § 13; *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984); *Neagle v. Nelson*, 685 S.W.2d 11 (Tex.1985). The rationale underlying the open courts provision is that the legislature has no power to make a remedy by due course of law contingent on an impossible condition. *Morrison v. Chan*, supra. The open courts provision does not apply to this case.

The court in *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex.1990), clearly held that, to establish an open courts violation, the restricted cause of action must be one that was well defined in the "common law." The *Moreno* Court observed that there was no recognized common-law cause of action for wrongful death. The court stated that wrongful death causes of action owe their existence to statutes that changed the common-law rule. The court said:

> If, however, a cause of action was not recognized at common law, but was itself created by the legislature, any legislative abrogation of the cause of action would not be a true abrogation of a constitutional right. Rather, the legislature would simply not have granted as extensive a right as it might have.

See *Blackmon v. Hollimon*, supra. Plaintiff's points of error are overruled.

The judgment of the trial court is affirmed.

McCLOUD, C.J., Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

WRIGHT, J., not participating.