Lallie **STREETMAN**, Individually and as Executrix of The Estate of Henry S. Streetman, Deceased; Doris Marie Warncke; John Henry Streetman; Jesse Steveson Streetman; and Johnny Wayne Streetman, Appellants,

v.

**Vung D. NGUYEN, M.D., Appellee.**

No. 04–96–00606–CV.

Court of Appeals of Texas, San Antonio.

April 2, 1997.

Rehearing Overruled April 23, 1997.

---

Carol P. Lomax, Branton & Hall, P.C., San Antonio, for appellants.

George F. Evans, Jr., Ruth Greenfield Malinas, Michele Barber Chimene, Brett B. Rowe, Ball & Weed, P.C., San Antonio, for appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

ANGELINI, Justice.

This is an appeal from the granting of summary judgment in a medical malpractice suit. In two points of error, appellants contend that the trial court erred in granting summary judgment because the statute of limitations had not yet expired when suit was filed. We affirm the judgment of the trial court.

### Factual and Procedural Background

Henry Streetman died of cancer in January of 1995. Prior to being diagnosed with

cancer, Streetman had a history of chronic obstructive lung disease. He visited the Veteran's Administration Hospital approximately twenty times over the course of five years. During that time, Streetman had at least two chest X-rays. One of these X-rays was taken on March 31, 1992. Streetman's medical records indicate that the X-ray revealed no change from a previous X-ray taken in June of 1987.

In October of 1993, Streetman was diagnosed with lung cancer. Approximately one year later, in September of 1994, a CAT scan revealed that the cancer had spread to Streetman's spine. Streetman hired an attorney, who began investigating a potential medical malpractice claim on his behalf.

In January of 1995, Streetman's attorney received a report from Dr. Martin Flamm. Based upon a review of a portion of Streetman's medical records, Dr. Flamm concluded that the March 1992 X-ray had been negligently read. In May of 1995, after Henry Streetman died, his family members brought the present lawsuit against Dr. Nguyen, alleging that he negligently read the 1992 X-ray and seeking damages under both the Texas Wrongful Death Act and the Texas Survival Act.

Dr. Nguyen moved for summary judgment, alleging that the suit against him was time barred by section 10.01 of the Texas Medical Liability and Insurance Improvement Act. Following a hearing, the trial court granted Dr. Nguyen's motion for summary judgment.

### Argument and Authority

To be entitled to summary judgment on the basis of an affirmative defense such as limitations, the movant must conclusively prove all elements of the defense as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable

inference will be indulged in favor of the nonmovant, and any doubts will be resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Accordingly, the burden is on the movant to conclusively establish as a matter of law that limitations is a bar to the action. *Rowntree v. Hunsucker,* 833 S.W.2d 103, 104 (Tex.1992). If a movant does establish that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975).

■ The Streetmans's wrongful death and survival causes of action constitute health care liability claims and are governed by the Medical Liability and Insurance Improvement Act.[1] *Blackmon v. Hollimon,* 847 S.W.2d 614, 616 (Tex.App.—San Antonio 1992, writ denied). The Act provides that, notwithstanding any other law, no health care liability claim may be commenced unless suit is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim is completed. TEX. REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon 1997). Article 4590i created an absolute two-year statute of limitations and abolished the discovery rule in health care liability claims. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex. 1985).

■ If the complained of injury results from a negligent course of treatment, rather than a specific instance of negligence, the limitations period begins on the last date of treatment. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). However, when the precise date of the breach is ascertainable from the facts of the case, the limitations period begins on that date. *Id.* When a physician fails to diagnose a condition, the continuing nature of the diagnosis does not extend the tort for limitations purposes. *Rowntree,* 833 S.W.2d at 108. Instead, the statute of limita-

---

1. The Medical Liability and Insurance Improvement Act governs causes of action "against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract." TEX.REV.CIV.STAT.ANN. art. 4590i § 1.03(a)(4) (Vernon 1997).

tions begins to run on the date of the misdiagnosis. *See Bala v. Maxwell,* 909 S.W.2d 889, 892 (Tex.1995) (holding that statute of limitations began on date that doctor misdiagnosed cancer where doctor did not see patient between date of misdiagnosis and date of correct diagnosis); *see also Rowntree,* 833 S.W.2d at 108; *Fiore v. HCA Health Services of Texas, Inc.,* 915 S.W.2d 233, 236 (Tex.App.—Fort Worth 1996, writ denied).

■ In the present case, the Streetmans do not contend that Henry Streetman had contact with Dr. Nguyen other than on March 31, 1992, when he read the X-ray and reported no change from the June 1987 X-ray. All of the Streetmans's claims against Dr. Nguyen stem from his reading of the March 31, 1992 X-ray. Therefore, under section 10.01 of article 4590i, the limitations period for all of the Streetmans's claims began to run on March 31, 1992, the date of the alleged wrongful act. *See Bala,* 909 S.W.2d at 892–93 (holding that, in medical malpractice cases, statute of limitations runs on date of alleged negligence for both survival claims and wrongful death claims). The Streetmans did not sue Dr. Nguyen until May of 1995, over three years from the date of the alleged misdiagnosis.

■ Nevertheless, the Streetmans argue that neither they nor Henry Streetman had a reasonable opportunity to discover Dr. Nguyen's misdiagnosis before the statute of limitations expired. As such, the Streetmans contend that section 10.01 of article 4590i is unconstitutional as applied to the facts of this case because it violates the open courts provision of article I, section 13 of the Texas Constitution. The article 4590i statute of limitations has been held to be unconstitutional pursuant to the open courts provision of the Texas Constitution to the extent that it purports to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit. *See* Tex. Const. art. I, § 13. In such situations, the supreme court has adopted a modified discovery rule. *See Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985); *Nelson v. Krusen,* 678 S.W.2d 918, 923 (Tex.1984).

■ In order to maintain an open courts violation, a plaintiff must satisfy two criteria. *Rose v. Doctors Hosp.,* 801 S.W.2d 841, 843 (Tex.1990); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990). First, the litigant must show that he has a well-recognized common law cause of action that is being restricted. *Id.* Then, he must demonstrate that the restriction of his claim is unreasonable or arbitrary when balanced against the purpose of the statute. *Id.*

At common law, a personal injury claim did not survive an injured party's death, nor did a deceased's heirs have an action for their own losses. *Baptist Memorial Hosp. System v. Arredondo,* 922 S.W.2d 120, 121 (Tex.1996); *Bala,* 909 S.W.2d at 893; *Kramer v. Lewisville Memorial Hosp.,* 858 S.W.2d 397, 403 (Tex.1993); *Rose,* 801 S.W.2d at 845. These actions are now permitted only by statute. *Arredondo,* 922 S.W.2d at 121; *Bala,* 909 S.W.2d at 893. Because the Streetmans's wrongful death and survivorship causes of action are purely statutory in nature, they do not satisfy the first criterion necessary to establish an open courts violation. Accordingly, the Streetmans are not entitled to the benefits of a modified discovery rule and their claims do not survive the article 4590i limitations period. *See Arredondo,* 922 S.W.2d at 122 (holding that because appellant's wrongful death claim was purely statutory, open courts provision did not save her malpractice suit); *Bala,* 909 S.W.2d at 893 (holding that wrongful death and survivorship actions could not form basis of open courts violation and save malpractice suit from statute of limitations); *Moreno,* 787 S.W.2d at 356–57 (holding wrongful death action not premised upon restriction of common law cause of action and, therefore, fails first prong of open courts test); *Blackmon,* 847 S.W.2d at 617 (holding that appellant's wrongful death and survivor actions did not survive limitations period under an open courts argument).

The statute in this case began to run on March 31, 1992, and expired on March 31, 1994. Because the Streetmans did not file their suit against Dr. Nguyen until May 15, 1995, the action was untimely. Accordingly, summary judgment on the limitations issue

was proper. Appellant's points of error are overruled and the judgment of the trial court is affirmed.