**Susie VALDEZ, Ind., et al., Appellants,**

v.

**TEXAS CHILDREN'S HOSPITAL,**
**Appellee.**

**No. 01–84–0093–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 1984.

Rehearing Denied July 25, 1984.

John Gano, Gano & Donovan, Houston, for appellants.

Charles R. Parker Hill, Parker, Franklin, Cardwell & Jones, Ann P. Watson, Hill, Parker, Franklin, Cardwell & Jones, John Marshall, Ryan & Marshall, Houston, for appellee.

Before EVANS, C.J., and BASS and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

The trial court rendered a take-nothing summary judgment against the plaintiffs in a medical malpractice suit, holding that the cause of action was barred by the two-year statute of limitations. We affirm in part and in part reverse and remand.

Vincent Adam Valdez, Jr., a minor, died on October 20, 1980, while hospitalized at Texas Children's Hospital. On' March 25, 1983, more than two years after the child's death, his mother, individually and also on behalf of his estate, filed this suit against defendants, Don Schaffer, M.J. Litzinger, and Texas Children's Hospital, asserting a health care liability claim under the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1984). The defendants answered and filed a motion for summary judgment contending that the plaintiffs' action was barred by the two-year limitations period set forth in art. 4590i, sec. 10.01. The plaintiffs responded to the motion asserting that because of the death of the minor plaintiff the period of limitations was suspended for 12 months pursuant to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5538 (Vernon 1958). The trial court granted a motion for severance filed by Texas Chil-

dren's Hospital, and then rendered a take-nothing summary judgment in its favor. This appeal is from that judgment.

The critical issue raised by plaintiffs' four points of error is whether art. 5538 suspended the commencement of the limitations period prescribed by art. 4590i, sec. 10.01, so that such two-year limitation period did not begin to run until October 1981, 12 months following the death of the minor plaintiff. If the suspension statute is given effect, the plaintiffs' suit was timely filed on March 25, 1983, and the cause of action belonging to the decedent's estate was not barred by limitations.

Article 5538 provides:
In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitations shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification.

Tex.Rev.Civ.Stat.Ann. art. 5538 (Vernon 1958).

■ Because the plaintiffs interposed art. 5538 to suspend the limitation period, it was the defendant's burden to negate the applicability of that statute to the issues involved. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Oram v. General American Oil Co.,* 513 S.W.2d 533 (Tex. 1974). Since there is no summary judgment proof showing the qualification of an administrator or executor upon the deceased minor's estate, the only question here is whether art. 5538 suspends the limitation period applicable to a health care liability claim.

Article 4590i, sec. 10.01, provides:
Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medi-cal or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

The defendant contends that art. 4590i, sec. 10.01 provides a clear and absolute two-year bar for the filing of a health care liability claim, because the language of the statute is unambiguous. The defendant further argues the language of sec. 10.01 reflects a clear legislative intent that all health care liability claims be commenced within the specified two-year period, regardless of disability.

■ We agree with the proposition that a health care liability claim asserted under art. 4590i must be filed within the two-year limitation period provided by sec. 10.01 and that the legislature intended that section to apply to all "persons" regardless of minority or other legal disability. We do not agree, however, that the language of art. 4590i must be interpreted as expressing the legislature's intent to nullify the provisions of art. 5538, as applied to health care liability claims. The language of art. 5538 does not purport to establish any protected class of disabled "persons," but merely suspends limitation periods so that claims held by the estate of a deceased person may be prosecuted to effect.

■ It is our duty to harmonize the provisions of the two statutes, if it is reasonably possible to do so. *See Hart v. Winsett,* 171 S.W.2d 853 (Tex.1943). We are of the opinion that both statutes have a legitimate public purpose, that their respective provisions are not in conflict, and that each statute may be given effect.

The obvious purpose of art. 5538 is to assure that a cause of action belonging to a decedent's estate may be prosecuted, either by the qualifed administrator or executor, or

in their absence, by the beneficiaries of the estate. The provisions of art. 5538 do not conflict with art. 4590i, sec. 10.01 because each statute has a different purpose. One statute, art. 4590i, sets forth the period of limitations for filing a health care liability claim, while the other, art. 5538, provides for the temporary suspension of limitations in case of the death of the person in whose favor or against whom such a cause of action has accrued. Thus, the statutes have entirely different goals and their provisions can be harmonized so that both may be given effect.

We conclude, therefore, that the take-nothing summary judgment against the plaintiff's mother, in her capacity as representative of her deceased son's estate, was erroneous and must be reversed.

■ We next consider whether the suspension statute operates to toll limitations as to the claim asserted by the decedent's mother, in her individual capacity. Article 5538 applies only to actions that have accrued in favor of or against a deceased person at the time of the decedent's death. *Jones v. Young*, 539 S.W.2d 901 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.). Thus, the cause of action asserted by the decedent's mother, in her individual capacity, was subject to the period of limitations imposed by art. 4590i, sec. 10.01, and the trial court properly decided that such action was barred by time.

We accordingly reverse the trial court's take-nothing judgment against the plaintiff, in her capacity as representative of the estate of her deceased son, Vincent Adam Valdez, Jr., and remand that cause of action to the trial court for further proceedings; in all other respects the judgment of the trial court is affirmed.