Wiley E. HILL, Petitioner,

v.

Dr. John C. MILANI, Jr., Respondent.

No. C–3612.

Supreme Court of Texas.

March 13, 1985.

Gibbins, Burrow & Bratton, R. Louis Bratton, Austin, for petitioner.

Pierre A. Kleff, Jr., Killeen, for respondent.

ROBERTSON, Justice.

This is an appeal from a summary judgment construing the two-year limitations provision of the Medical Liability and Insurance Improvement Act of Texas, Tex. Rev.Civ.Stat.Ann. art. 4590i § 10.01 (Vernon Supp.1985).

On August 24, 1980, Wiley E. Hill was bitten by a rattlesnake and treated by Dr. John C. Milani, Jr. Hill filed suit on November 2, 1982, alleging that Dr. Milani was negligent in treating the snakebite.

Dr. Milani moved for summary judgment, alleging that Hill's action was barred by limitations.

At the summary judgment hearing, argument focused on the question of whether Tex.Rev.Civ.Stat.Ann. art. 5537 (Vernon 1958) tolled the limitations period while Dr. Milani was absent from the state. The judgment, in fact, recites a stipulation that the interaction of art. 5537 and art. 4590i § 10.01 was the sole issue in dispute. This stipulation was facially valid as a Rule 11 agreement, under this court's decision in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979), and its validity is not questioned by point of error in this court. *See* Tex.R.Civ.P. 11. In view of this stipulation, the trial court declined to consider, on motion for rehearing of the summary judgment, the new question of whether the limitations period was tolled for a period of 75 days by the timely sending of a notice letter. Tex.Rev. Civ.Stat.Ann. art. 4590i § 4.01(a), (c) (Vernon Supp.1985). Petitioner does not complain of this action.

The sole issue thus presented for this court's consideration is whether the tolling provision of art. 5537 affects the two-year limitation provision of art. 4590i § 10.01. The trial court held that it does not, and granted defendant's motion for summary judgment. The court of appeals affirmed. 678 S.W.2d 203. We affirm the judgments of the courts below.

Article 4590i § 10.01 provides, in relevant part, that

"*Notwithstanding any other law*, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . ."

(emphasis added) The language of the statute is clear and exclusive. Elsewhere in the Medical Liability and Insurance Improvement Act, limited tolling provisions are contained, suspending the statute·during minority, § 10.01, and upon the giving of notice. § 4.01(c). Article 5537 is not part of the statutory scheme for medical malpractice claims envisioned by the legislature, and is part of the "other law" expressly made inapplicable by operation of statute.

For the foregoing reasons, the judgments of the courts below are affirmed.