Betty Lou RASCOE, et al., Appellants,

v.

I.N. ANABTAWI, et al., Appellees.

No. 09 86 217 CV.

Court of Appeals of Texas,
Beaumont.

May 14, 1987.

Barney L. McCoy, Houston, for appellants.

Dana L. Timaeus, Benckenstein, Oxford, Radford & Johnson, Patricia D. Chamblin,

Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellees.

## OPINION

DIES, Chief Justice.

Calvin Rascoe died on December 5, 1983, as a result of a coronary bypass surgery performed on November 29, 1983. Betty Lou Rascoe (wife), Larry C. Rascoe (son), Betty L. Head (daughter), and Ettie A. Haynes (daughter) filed a survival action for the estate of Calvin Rascoe and a wrongful death suit against I.N. Anabtawi, M.D., and St. Mary's Hospital of Port Arthur. On August 22, 1986, the trial court granted a summary judgment to Anabtawi and St. Mary's Hospital, defendants below, from which plaintiffs below have perfected appeal to this Court. The parties will be referred to herein as "Appellants" or "Appellees" or by name.

On November 25, 1985, Appellants gave notice of intent to file suit which, under *TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 4.01(c)*, gave them an additional 75 days in addition to the two years from Rascoe's death (*sec. 10.01 of Art. 4590i*) in which to file suit. The suit was filed on February 20, 1986, two years and 78 days after Rascoe's death. All parties have filed excellent briefs for which we commend their attorneys.

■ Appellant's first point of error seeks to expand the limitation period of *Article 4590i* by contending the statute of limitations was tolled by *TEX.REV.CIV. STAT.ANN. art. 5538* [now *TEX.CIV. PRAC. & REM.CODE ANN. sec. 16.062* (Vernon 1986)][1].

*Article 5538* provides:

"In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification."

In other words, up to twelve months is extended, if this statute applies to the case at bar, which would make Appellants' suit timely filed. However, this statute does not apply to wrongful death claims. *Valdez v. Texas Children's Hosp.*, 673 S.W.2d 342, 345 (Tex.App.—Houston [1st Dist.] 1984, no writ), citing *Jones v. Young*, 539 S.W.2d 901 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.); *Rothe v. Ford Motor Co.*, 531 F.Supp. 189 (N.D.Tex.1981); *Lubawy v. City of McLean, Texas*, 355 F.Supp. 1109 (N.D.Tex.1973).

■ There is yet another and more persuasive reason why we do not apply *Article 5538* to the case at bar. Our Supreme Court in *Hill v. Milani*, 686 S.W.2d 610 (Tex.1985), considered whether *Article 5537*[2] affects the two-year limitation of *Art. 4590i, sec. 10.01*. The Court in *Hill*, at 611, emphatically approved only those provisions of the Medical Liability Insurance Improvement Act specifically tolling limitations, and held that *Article 5537* was not part of the statutory scheme but was part of the "other law". Certainly this would apply as well to *Article 5538*. This point of error is overruled.

Appellants' second point of error follows:

"The trial court erred in granting Summary Judgments because fraudulent concealment by the Appellees tolled the statute of limitations."

Our Supreme Court, in *Borderlon v. Peck*, 661 S.W.2d 907 (Tex.1983), held that in a medical malpractice case *Art. 4590i, sec. 10.01*, did not abolish fraudulent con-

---

**1.** This Court, as well as the Court of Appeals at Corpus Christi, has held *sec. 11.01 et seq. of Art. 4590i* to be unconstitutional. *Baptist Hosp. of Southeast Texas v. Baber*, 672 S.W.2d 296 (Tex. App.—Beaumont 1984), *writ ref'd n.r.e.*, 714 S.W.2d 310 (Tex.1986); *Brownsville Medical Center v. Gracia*, 704 S.W.2d 68, 80 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Detar Hosp., Inc. v. Estrada*, 694 S.W.2d 359 (Tex.App.

—Corpus Christi 1985, no writ). *See also, Tsai v. Wells*, 725 S.W.2d 271 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

**2.** Absence from the state tolls the limitation period. (It is not so numbered now, but for the purposes of this opinion this is immaterial.)

cealment as a basis for extending limitations in health care liability actions. In that case the response to a doctor's motion for summary judgment was "Dr. Peck fraudulently concealed from her the fact he left the needle inside her." The court explained that fraudulent concealment is based upon the doctrine of equitable estoppel. "Because the physician-patient relationship is one of trust and confidence, Texas recognizes a duty on the part of the physician *to disclose a negligent act or fact that an injury has occurred.*" (661 S.W.2d at 908, emphasis supplied.)

In the case at bar, Appellants allege in their Second Amended Petition and Response to Motion for Summary Judgment that Appellees were guilty of fraudulent concealment and filed an affidavit signed by one of the Appellants saying that the Response to the Motion for Summary Judgment is true and correct. But no negligent act or fact (*Borderlon, supra*) is alleged, only the conclusory doctrine of fraudulent concealment.

When a party relies on fraudulent concealment, that party has the burden of offering proof raising a fact issue of fraudulent concealment. *Leeds v. Cooley,* 702 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). This Court has had many opportunities in the past to explain what a heavy wagon the movant must pull in a summary judgment review. But, pleadings, which are essentially what we have here, are not summary judgment evidence, even if sworn to by a party. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 543 (Tex.1971) and 487 S.W.2d 702 (Tex.1972). *Hidalgo, supra* at 703, makes this statement:

"Those statements are conclusions. We have held that conclusions are not competent evidence to support summary judgment."

The converse would also be true. This point of error is overruled.

Appellants' third point of error asserts:

"The trial court erred in granting the Summary Judgments because the limitations provision of Article 4590i, as it applies to Appellants, violates the 'open courts' provision of Article 1, Section 13 of the Texas Constitution."

That important and far reaching part of our Constitution of Texas provides, in part:

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

This provision is not found in our U.S. Constitution but similar open courts provisions are contained in the constitutions of some 37 other states. 1 G. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: An Annotated and Comparative Analysis 51 (1977). It is said to be based on the Magna Carta, but the similarity is not very apparent. *See TEX. CONST. art I, sec. 13, interp. commentary, at 3* (Vernon's 1984). But, whatever its origin, we can take pride and comfort in the knowledge that *Art. I, sec. 13* of our Texas Constitution "does accord Texas Citizens additional rights...." *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983).

In *Sax, supra,* the Court held that the statute of limitation of *TEX.INS.CODE art. 5.82* (now repealed) was unconstitutional because it cut off a minor's cause of action before the minor was old enough to sue. Justice Kilgarlin, in writing for a unanimous court (at 665), gives us the guideline:

"A statute or ordinance that *unreasonably* abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process under article I, section 13, and is, therefore, void." (emphasis supplied)

*Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984), held that *article 5.82* of the Insurance Code (previously alluded to in this opinion) violates the open courts provision by cutting off a cause of action [3] be-

---

**3.** Parents and minor son sued doctor and medical center alleging the doctor was negligent in assuring them that mother was not a carrier of neuromuscular disease.

fore the party knows, or reasonably should know, that he is injured.

Justice Spears, in writing for the Court (at 921), said:

"The common thread of this court's decisions construing the open courts provision is that *the legislature has no power to make a remedy by due course of law contingent on an impossible condition.*" (emphasis supplied)

And, in *Neagle v. Nelson,* 685 S.W.2d 11 (Tex.1985), the Court held that the statute of limitation provided for in *Art. 4590i, sec. 10.01,* did not apply to a patient who did not discover that a sponge was left in his abdomen until more than two years after an appendectomy because it was violative of the open courts provision.

Justice Wallace, in writing for the Court (at 12) said:

"The open courts provision of our Constitution protects a citizen ... from legislative acts that abridge his right to sue *before he has a reasonable opportunity to discover the wrong and bring suit.* (emphasis supplied)

Recently, the Texas Supreme Court has told us what these three cases mean and when, and under what circumstances, *Art. 4590i, sec. 10.01,* violates the open courts provision, in *Morrison v. Chan,* 699 S.W.2d 205, 207 (Tex.1985):

"Morrison's reliance on the above cases is misplaced. The *Nelson v. Krusen* and *Neagle* decisions are premised on the fact that it was not possible for the parties to discover the injury within the two-year period. Those cases held that, as to those particular plaintiffs, the ... acts were unconstitutional. In *Nelson v. Krusen,* we stated that, 'article 5.82, section 4 of the Insurance Code is unconstitutional, under the open courts provision, to the extent it purports to cut off an injured person's right to sue *before the person has a reasonable opportunity to discover the wrong and bring suit.*' [citation omitted]" (emphasis in original)

So, in the case we now review, Appellant's argument that the limitation period provided for in *article 4590i* is per se violative of the open courts provision of the Texas Constitution is incorrect. There is no showing that Appellants could not have discovered the injury well within the statute of limitations. The injury was evident on December 5, 1983, the day Rascoe died.[4] This point of error is overruled.

Appellants' final point of error contends the limitation period violates the due process and equal protection clauses of the *U.S. CONST. amendment XIV.*

We find no merit in this argument. If we have correctly concluded that the open courts provision of our Texas Constitution affords our citizens more rights than the U.S. Constitution (*Sax v. Votteler, supra*), then the 14th Amendment of the U.S. Constitution does not strike down *Art. 4590i, sec. 10.01.* See these cases on point: *Brubaker v. Cavanaugh,* 741 F.2d 318 (10th Cir.1984); *Hargett v. Limberg,* 598 F.Supp. 152 (D.Utah 1984), reversed on other grounds, 801 F.2d 368 (10th Cir.1986). This point of error is overruled.

The order of the trial court granting the summary judgment is affirmed.

Affirmed.

---

**4.** It is a fact that the administrator was qualified on May 23, 1984. However, since limitations did not run until February 18, 1986, there was almost 19 months to file a survival action.